**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

RUFUS CHARLES WITHERSPOON,

      Petitioner,

      v.

WARDEN, WASHINGTON STATE
PRISON,

      Respondent.

CIVIL ACTION NO.: 2:25-cv-68

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Petitioner Rufus Witherspoon ("Witherspoon") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to challenge his conviction and sentence obtained in the Appling County Superior Court.  Doc. 1.  Witherspoon also filed Motions for Leave to Proceed *in Forma Pauperis*.  Docs. 4, 5.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Witherspoon's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Witherspoon *in forma pauperis* status on appeal.[1]  I **DENY as moot** Witherspoon's Motions for Leave to Proceed *in Forma Pauperis* in this Court.

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Witherspoon his suit is due to be dismissed.  As indicated below, Witherspoon will have the opportunity to present his

**DISCUSSION**

In his Petition, Witherspoon attacks his conviction and life sentence obtained in Appling County, Georgia, stemming from the December 1989 shooting death of Lannis Crosby.  Doc. 1 at 1.  Witherspoon states Mr. Crosby committed a hate crime against him.  Id. at 6.  The Georgia Supreme Court affirmed Witherspoon's convictions on direct appeal.  Witherspoon v. State, 412 S.E.2d 829 (Ga. 1992).  Witherspoon filed an extraordinary motion for new trial with the Appling County Superior Court in 2024, and the court denied that motion.  The Georgia Supreme Court dismissed Witherspoon's appeal on April 30, 2025.  https://www.gasupreme.us/docket-search/, search using "Witherspoon, Rufus," (last visited Jan. 26, 2026).

Witherspoon previously brought a § 2254 petition in this Court in 1995, alleging he received ineffective assistance at all phases of his proceedings, he was subject to double jeopardy violations because he was sentenced under two felony murder charges even though there was only one death, and the trial court gave improper instructions and charges.  R. & R., Witherspoon v. Bibbings, Case No. 2:95-cv-13 (S.D. Ga. June 15, 1995), ECF No. 7.  This Court dismissed Witherspoon's petition on July 7, 1995.  Id., ECF Nos. 10, 11.

I.    **Witherspoon Is Barred From Bringing His Petition**

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A) (emphasis supplied).  The "phrase 'second or

---

objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

successive' . . . refers to a second or successive petition challenging the same state-court judgment." Romero v. Ford, 735 F. App'x 696, 696 (11th Cir. 2018) (citing Magwood v. Patterson, 561 U.S. 320, 332–33 (2010)). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, based on 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as 28 U.S.C. § 2244(b) sets forth. This Section states:

(1)     A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)     A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed, unless:

(A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Unless and until the Eleventh Circuit authorizes Witherspoon to file a second or successive § 2254 petition, this Court should not "hold" the instant Petition. The instant Petition represents at least the second challenge to Witherspoon's Appling County convictions and sentences. Even though Witherspoon did not raise the exact issue in this Petition (he was a

3

victim of a hate crime and the shooting death was self-defense) in his previous petition, Witherspoon has not moved the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition prior to filing this Petition, § 2244(b)(3), and this Court is "not at liberty to consider it." Smalls v. St. Lawrence, No. CV412-058, 2012 WL 1119766, at *1 (S.D. Ga. Feb. 27, 2012).  Additionally, it is not permissible for this Court to transfer this petition to the Court of Appeals, as Witherspoon's Petition is barred under the gatekeeping provision of § 2244(b)(2)(B).  Witherspoon has not shown he could not have discovered the factual basis for the claims in the instant Petition at any point from 1989 until 2024 when he filed his extraordinary motion for new trial with the Appling County court. Doc. 1.  At this point, Witherspoon's Petition represents an unauthorized second or successive § 2254 petition.

For these reasons, the Court should **DISMISS** Witherspoon's Petition.

## II.        Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Witherspoon leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Witherspoon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Based on Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.

Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Witherspoon's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Witherspoon *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Witherspoon's § 2254 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Witherspoon *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY as moot** Witherspoon's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 4, 5.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of January, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA